Filed 4/30/13  Gonzales v. Franchise Tax Board CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TOM GONZALES, as Personal Representative, etc.,<br><br>     Plaintiff and Appellant,<br><br>     v.<br><br>FRANCHISE TAX BOARD,<br><br>     Defendant and Respondent. | A134238<br><br><br>(San Francisco City and County<br>Super. Ct. No. CGC-06-454297) |

Plaintiff and appellant Tom Gonzales (appellant), as personal representative of the estate of Thomas J. Gonzales II, contends the trial court erred in rejecting his tax refund claim against defendant and respondent Franchise Tax Board (respondent) on collateral estoppel grounds.  We affirm.

BACKGROUND

The taxpayer, Thomas J. Gonzales II, died in December 2001.  In July 2006, appellant, as personal representative of the taxpayer's estate, filed a complaint seeking refund of California personal income taxes under Revenue and Taxation Code, section 19385.  The first cause of action sought a year 2000 tax refund based on an alleged capital loss of over $142 million in a bond transaction.  The second cause of action, which concerned the 2001 tax year, was withdrawn in June 2008.

In July 2008, appellant filed a tax refund action in the United States District Court for the Northern District of California (federal action).  That federal action sought a federal tax refund due to disallowance of the same $142 million capital loss at issue in the

1

present case.  In March 2011, the federal district court granted summary judgment in favor of the federal government.  The federal district court explained that the critical issue was whether appellant could prove the taxpayer entered into the transaction primarily for profit.  The court concluded appellant had not submitted evidence creating a triable issue of fact on that issue.  In September 2012, the Ninth Circuit affirmed the district court's ruling.

While the appeal from the federal district court's ruling was pending, respondent filed a motion for judgment on the pleadings in the present action, contending that the judgment in the federal action collaterally estopped appellant from claiming that the taxpayer engaged in the disputed transaction primarily for profit.  The trial court concluded appellant's tax refund action failed as a matter of law and, in November 2011, the court entered its judgment.[1]  This appeal followed.

DISCUSSION

Appellant contends the trial court erred in concluding that, due to grant of summary judgment in the federal action, his year 2000 tax refund claim is barred by the doctrine of collateral estoppel.

"Collateral estoppel is one of two aspects of the doctrine of res judicata.  In its narrowest form, res judicata ' "precludes parties or their privies from relitigating a *cause of action* [finally resolved in a prior proceeding]." ' [Citation.]  But res judicata also includes a broader principle, commonly termed collateral estoppel, under which an *issue* ' "necessarily decided in [prior] litigation [may be] conclusively determined *as* [*against*] *the parties* [*thereto*] *or their privies* . . . in a subsequent lawsuit on a *different* cause of action." ' [Citation.] [¶] Thus, res judicata does not merely bar relitigation of identical claims or causes of action.  Instead, in its collateral estoppel aspect, the doctrine may also preclude a party to prior litigation from redisputing *issues* therein decided against him, even when those issues bear on different claims raised in a later case." (*Vandenberg v.*

---

[1]  Although the trial court rejected appellant's claims, the parties stipulated the judgment should award appellant a refund of $46,863.

2

*Superior Court* (1999) 21 Cal.4th 815, 828.) "Collateral estoppel . . . is intended to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation. [Citation.]" (*Id.* at p. 829.) The doctrine is applied " 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. [Citations.]' [Citation.]" (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511.)

At issue in this case is the federal district court's order granting the federal government's motion for summary judgment in the federal action. The district court explained that the critical question in the case was whether the taxpayer's "primary motive in entering into the Transaction was to earn a profit. If the answer is no, then he is not allowed to deduct his short-term capital loss under the Internal Revenue Code." In its motion, the federal government contended "that the undisputed facts show that Taxpayer's primary motive in entering into the Transaction was to obtain a tax benefit, and not to earn a profit." In opposing the motion, appellant argued it was sufficient to show the taxpayer had "a" profit motive, regardless of whether that was the primary motivation. The federal district court rejected that argument and concluded appellant had failed to offer any "evidence to establish that Taxpayer entered the transaction primarily for profit. Instead, [appellant] simply offers evidence that he claims shows that Taxpayer had some profit or business motive in entering into the Transaction. By contrast, [the federal government's] proffered evidence demonstrates that Taxpayer's primary motive for entering into the Transaction was to escape income tax, not to make a profit, and [appellant] has not come forward with evidence to show otherwise."

The trial court in the present case found the issue decided in the federal action was also the critical issue in the state action because the Revenue and Taxation Code

3

incorporates the portion of the Internal Revenue Code relied upon by the federal district court in concluding appellant was required to show the taxpayer had a primary profit motive in entering into the disputed transaction. (See Rev. & Tax. Code, § 17201, subd. (a); 26 U.S.C. § 165(c)(2).) The trial court stated, "the requirement that [appellant] prove that the Taxpayer's primary motive in entering into the Bond Transaction was to earn a profit, applies under both federal income tax law and California personal income tax law." The court found the other requirements for application of the collateral estoppel doctrine were satisfied as well.

Appellant does not dispute that the elements required for application of the collateral estoppel doctrine are satisfied in the present case. He does not dispute that the motive issue in the state action is the same issue decided in the federal action: application of section 165(c)(2) of the federal Internal Revenue Code, as incorporated into section 17201 of California's Revenue and Taxation Code. Neither does he dispute that the issue was actually litigated and necessarily decided in the federal action, and that he was a party to the federal action. Instead, appellant contends his state claim is not collaterally estopped because: (1) certain evidence not presented in the federal action will be presented in the state action; (2) the California courts have not opined on whether, under section 165(c)(2) of the federal Internal Revenue Code, a transaction must be motivated *primarily* by profit in order for a taxpayer to claim a loss as a deduction; and (3) because the federal district court improperly granted the motion for summary judgment, appellant did not have "a full and fair opportunity to present his case."[2]

As to the first and second contentions, appellant has not presented any reasoned argument with citations to authority that the existence of evidence not presented to the prior court or the possibility that a later court could reach a different legal conclusion are

---

[2]   Appellant also contends it is improper to apply the doctrine of collateral estoppel where there is a pending appeal of the prior decision. That contention is without merit. (*Calhoun v. Franchise Tax Bd.* (1978) 20 Cal.3d 881, 887; accord, *Lumpkin v. Jordan* (1996) 49 Cal.App.4th 1223, 1230-1231; *Estate of Hilton* (1988) 199 Cal.App.3d 1145, 1168.)

4

bases to deny application of the collateral estoppel doctrine. We therefore reject the claims. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785; *Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 405.) In any event, appellant has not shown that the "controlling facts and applicable legal rules" were "vitally altered" between the time of the federal district court's decision and the trial court's decision. (*Commissioner v. Sunnen* (1948) 333 U.S. 591, 600; see also *Montana v. United States* (1979) 440 U.S. 147, 161.) And "new evidence, however compelling, is generally insufficient to avoid application of collateral estoppel." (*Direct Shopping Network, LLC v. James* (2012) 206 Cal.App.4th 1551, 1561.)

As to the third contention, although a court may decline to apply the collateral estoppel doctrine if a party was denied an adequate opportunity to litigate a claim (*Kerner v. Superior Court* (2012) 206 Cal.App.4th 84, 125), appellant has not shown that the exception applies in the present case, based on his assertion that the federal district court improperly granted summary judgment. We will not second guess the decisions of the federal district court and the Ninth Circuit. (*Lumpkin v. Jordan, supra,* 49 Cal.App.4th at p. 1232 ["The federal court order is entitled to collateral estoppel effect regardless of our agreement or disagreement with the decision itself. '[R]egardless of the propriety of the summary judgment, it is nonetheless binding since "for purposes of application of the doctrine of res judicata, an erroneous judgment is as conclusive as a correct one. [Citations.]" ' [Citations.]"].)

Appellant has not shown the trial court erred in concluding his year 2000 tax refund claim is barred by the doctrine of collateral estoppel.

DISPOSITION

The trial court's judgment is affirmed. Costs on appeal are awarded to respondent.

5

_____

SIMONS, Acting P.J.


We concur.


_____

NEEDHAM, J.


_____

BRUINIERS, J.

6